UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 2010-276 (WOB-JGW)**

**GREAT AMERICAN ASSURANCE
CO.**                                                      **PLAINTIFF**

VS.                    **MEMORANDUM OPINION AND ORDER**

**AMERICAN CASUALTY CO.
OF READING, PA.**                                          **DEFENDANT**

This is a diversity action involving a dispute as to coverage available under two separate insurance policies. This matter is presently before the court on plaintiff's motion for judgment on the pleadings (Doc. 19). The court finds that oral argument is not necessary to the resolution of this motion.

*Background*

Plaintiff Great American Assurance Company ("Great American") issued a general liability insurance policy to the Redwood School & Rehabilitation Center, Inc. in Ft. Mitchell, Kentucky ("Redwood") for the period January 1, 2008 to January 1, 2009. Redwood is a licensed day care center that provides services for medically fragile children.

In the "Exclusions" section of the Great American policy, subsection (h) excludes:

> Damages which are covered by other insurance in any other insurance policy whether collectible or not.

(Great American Policy GA000044) (Exh. A to Motion for Judgment on Pleadings).

Defendant American Casualty Co. of Reading, Pennsylvania ("American Casualty") issued "Healthcare Providers Professional Liability" policies to Tracy M. Roell ("Roell") and Amie Kristine Rich ("Rich") for the periods October 9, 2007 to October 9, 2008 and September 1, 2007 to September 1, 2008, respectively. (Exhs. B & C to Motion for Judgment on the Pleadings). Roell and Rich were nurses at the Redwood facility.

The American Casualty policies contain, in a section titled "Other Insurance and Risk Transfer Arrangements," a provision which states, in relevant part:

> It is the intent of this policy to apply only to the amounts covered under this Policy which exceed the available limit of all deductibles, limits of liability or self-insured amounts of the other insurance, whether primary, contributory, excess, contingent, or otherwise.

(American Casualty Policy at GA000048).

On March 23, 2009, an individual named Elisabeth Collins sued Redwood, Rich, Roell and two other individuals named Mary Spare ("Spare") and Pam Millay ("Millay") in

2

Kenton Circuit Court alleging that her son, a special needs child, died while in the custody or care of Redwood and the individual defendants.[1]

Great American appointed legal counsel and defended Redwood, Spare and Millay from the *Collins* suit. American Casualty appointed counsel and defended Roell and Rich from the *Collins* suit. Although American Casualty made demands on Great American to defend and indemnify Roell and Rich, Great American took the position that it had no such duty.

The *Collins* suit was mediated in October 2010, during which the parties attempted to agree upon the allocation of financial responsibility between the insurers for any settlement. They were unable to reach an agreement.

In December 2010, Great American settled the claims against Redwood, Spare, and Millay. American Casualty continued to negotiate on behalf of Roell and Rich, and in March 2011 it reached a settlement on their behalf.

Great American filed this action on December 7, 2010, alleging claims for contribution, declaratory judgment breach of contract, and unjust enrichment. Great American alleges that it was not obligated to defend or indemnify Roell or Rich in the *Collins* suit and that it paid more

---

[1] A copy of the *Collins* complaint is attached as Exhibit E to Great American's motion.

than its fair share towards its settlement with Collins. Great American alleges that American Casualty owes it more than $75,000 in contribution towards that settlement.

American Casualty counterclaims that Great American was the primary insurer for Nurses Roell and Rich and that the American Casualty policy was, in effect, excess and triggered only if the Great American policy was exhausted. American Casualty counterclaims for breach of contract/estoppel, equitable recovery, and declaratory relief, asserting that it is entitled to recover the defense and indemnity costs it paid on behalf of Roell and Rich.

On June 24, 2011, Great American filed a Motion for Judgment on the pleadings, which is fully briefed. Although American Casualty has not filed a cross motion, the parties treat these issues as being purely questions of law on the interpretation of the two policies in question.

### *Analysis*

**A.    Coverage**

The question of coverage for the Roell and Rich claims will be addressed first because, unless coverage exists, issues of exclusion or priority do not arise. *See Great Am. Ins. Co. v. Lawyers Mut. Ins. Co. of Ky.*, 492 F. Supp.2d 709, 712 (W.D. Ky. 2007) ("Only after the Court

defines the nature of each coverage does the operation of the 'excess' or 'escape' clauses become relevant.").

First, the parties agree that the claims against Roell and Rich in the *Collins* action fall within the coverage grant of the American Casualty professional liability policy inasmuch as the claims arose out of the nurses' performance of their professional duties.

The next question is whether the claims fall within the coverage of the Great American policy issued to Redwood.  Although Great American alludes to a possible lack of coverage under its policy, noting that Roell and Rich never paid premiums to Great American, the claims alleged against them in the *Collins* lawsuit do, for the following reasons, fall within the coverage of that policy.

The Great American policy lists "Redwood School & Rehabilitation Center, Inc." as the named insured.  (Great American Policy GA000001).  In addition, however, the section titled "Who is an Insured" states:

> Any employee while occupying a position shown in the Declaration[s] Page but only with respect to their duties while acting within the scope of employment for that position by the Named Insured.
>
> No person is an insured for damages arising out of health care activities unless the position of the person performing the services is shown on the Declarations Page.

(*Id*. at GA 000045).

It is undisputed that the Declarations Page to the Health Care Services part of this policy lists LPNs and RNs employed by Redwood as insureds within the "Health Care Services" coverage. (*Id.* at GA000005). The *Collins* action alleged, and Great American does not dispute here, that the claims against Roell and Rich in that case arose out of actions they took or failed to take within the scope of their duties as LPNs or RNs at Redwood.

Therefore, on the face of the Great American policy, Roell and Rich are covered against the claims asserted against them in the *Collins* lawsuit.

**B.  Exclusion or Priority of Coverage**

Because the *Collins* claims against Roell and Rich are within the scope of coverage of both the Great American and American Casualty policies, the next question is whether any provision in those policies excludes coverage or renders one policy excess to the other.

Great American first argues that subsection (h) in its "Exclusions" section precludes coverage for the claims against Roell and Rich. That subsection, which stands alone, purports to exclude:

> Damages which are covered by other insurance in any other insurance policy whether collectible or not.

6

(Great American Policy GA000044). This argument is not well taken.

Although found in the "Exclusions" section of the Great American policy, this provision does not operate, as do most exclusions, to "restrict and shape the coverage otherwise afforded" according to the risks insured against. *Kemper Nat'l Ins. Co. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 871 (Ky. 2002).

Instead, subsection (h) purports to exclude coverage, not on the basis of a specific risk or activity, but solely on the basis of the existence of other insurance. This is illustrated by the fact that Great American did provide coverage to Nurses Spare and Millay, who stood in exactly the same shoes as Roell and Rich with respect to the *Collins* claims, the only difference being that those two women did not have other insurance coverage. *Cf. Universal Underwriters Ins. Co. v. The Travelers Ins. Co.*, 451 S.W.2d 616 (Ky. App. 1970) (finding that clause precluding coverage for any operations performed by independent contractors was an enforceable exclusion).[2]

---

[2] Great American's reliance on the *Universal Underwriters* decision as support for its argument that coverage is excluded is thus misplaced because the provision in that case functioned as a true exclusion.

For these reasons, subsection (h) is not, in substance, a true exclusion. Instead, it functions as an "other insurance" escape clause. *See Gov't Employees Ins. Co. v. Globe Indem. Co.*, 415 S.W.2d 581, 582 (Ky. 1967) (explaining that an "escape" clause negates any liability if other insurance is available to the insured).

The next question then is which clause – the Great American escape clause or the American Casualty excess clause – shall be given effect? In Kentucky, the answer depends on whether the escape clause is a "standard" or "non-standard" escape clause. *Id.* If the Great American escape clause is a "standard" one, the excess clause in the American Casualty policy will prevail; if the escape clause is "non-standard," it will prevail. *Id. See also Great Am. Ins. Co. v. Lawyers Mut. Ins. Co. of Ky.*, 492 F. Supp.2d 709, 712-14 (W.D. Ky. 2007); *Empire Fire and Marine Ins. Co. v. Haddix*, 927 S.W.2d 843, 845 (Ky. App. 1996) ("Where two insurance companies are contesting primary liability, and one policy contains a non-standard escape clause while the other contains an excess clause, the escape clause prevails over the excess clause.").

A "general or 'standard' escape clause is one which creates a general disclaimer of risk solely due to the presence of other insurance." *Great Am. Ins.*, 492 F.

Supp.2d at 714 (citation omitted). "Such clauses are viewed as contrary to public policy because they could operate to create a complete forfeiture of coverage." *Id.*

In contrast, a "non-standard" escape clause is "more specific" in that it "specifically contemplates the existence of other insurance coverage." *Id.* at 713. *See, e.g., Empire Fire*, 927 S.W.2d at 845 (holding that escape clause was "non-standard" where it stated that insurance was excess to "any other collectible insurance or 'self-insurance' available . . . whether such insurance or 'self-insurance' is primary, excess or contingent"); *Globe Indem.*, 415 S.W.2d at 582 (holding that escape clause was "non-standard" where it denied liability "if other insurance, *either primary or excess*, is available to the driver").

Here, there is no question that the Great American escape clause creates a general disclaimer of coverage due solely to the presence of any other insurance. It is therefore a "standard" escape clause which, under the above authority, must yield to the excess clause in the American Casualty policy.

Great American attempts to transform this clause into a "non-standard" escape clause by linking it artificially with adjacent exclusions (f) and (g), thereby analogizing

9

it to the clause found to be non-standard in *Great Am. Ins.*, *supra*. This argument is without merit because subsection (h) in the policy here is a stand-alone provision and is in no way interdependent on the previous two subsections. In contrast, the escape clause found to be "non-standard" in *Great Am. Ins.* was a three-part provision comprised of interdependent, conjunctive phrases which had to be read together to derive the complete meaning of the clause. *Great Am. Ins.*, 492 F. Supp.2d at 710.

In sum, therefore, the Great American escape clause is a "standard" one, and thus the American Casualty excess clause prevails under Kentucky law. This means that Great American owed Roell and Rich a primary duty of defense and indemnification in the *Collins* matter, and that American Casualty's coverage was triggered only if and when the Great American policy was exhausted.

Therefore, having reviewed this matter, and the court being otherwise advised,

**IT IS ORDERED** that (1) plaintiff's motion for judgment on the pleadings (Doc. 19) be, and is hereby, **DENIED**; and (2) defendant shall file a status report and/or motion

**within ten (10) days of entry of this order** addressing the posture of its counterclaims in light of the above ruling.

This 4th day of October, 2011.



Signed By:
*William O. Bertelsman* WOB
United States District Judge